**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAQUEL GARAJAU, | |
| Petitioner, | Civ. No. 22-5213 (GC) |
| v. | |
| ERICA STERN, | **MEMORANDUM & ORDER** |
| Respondent. | |

**CASTNER, District Judge**

Petitioner, Raquel Garajau ("Petitioner" or "Garajau"), is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises insufficiency of the evidence claims on her criminal convictions in her habeas petition. (*See* ECF 1 at 5). Respondent argues in part Petitioner did not raise any insufficiency of the evidence claims to the New Jersey Supreme Court and has therefore failed to exhaust state court remedies on her claims. (*See* ECF 6 at 5).

On November 4, 2022, Petitioner filed a letter seeking to stay this matter so that she can exhaust her claims in the New Jersey state courts. (*See* ECF 7). According to Petitioner, Respondent takes no position on her request. (*See* ECF 8).

Petitioner seeks a stay and abeyance of this federal habeas proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court noted as follows:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for

> that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277 (citation omitted). Furthermore, to grant a stay, there should be no indication that a petitioner engaged in intentional dilatory tactics. *See id.* at 278; *see also Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("In determining whether a stay should be granted, a Court must consider three main factors: a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of intentionally dilatory tactics."). Petitioner bears the burden of establishing that she is entitled to a *Rhines* stay. *See Demoscoso v. Johnson*, No. 18-3826, 2022 WL 596934, at *3 (D.N.J. Feb. 28, 2022) (citing *Roach v. Attorney Gen. of New Jersey*, No. 19-21707, 2021 WL 1578380, at *1 (D.N.J. Apr. 22, 2021) (citing *Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008))).

Petitioner's request for a *Rhines* stay fails to address *any* of the *Rhines* factors. Instead, Petitioner's counsel merely states that they were unaware Petitioner failed to file her insufficiency of the evidence claims with the New Jersey Supreme Court when they filed Petitioner's habeas petition. Such an argument though does not address whether: (1) there is good cause for Petitioner's failure to exhaust; (2) whether Petitioner's unexhausted claims have merit; and (3) whether Petitioner has engaged in any dilatory tactics. That Respondent takes no position on Petitioner's request is insufficient to warrant granting the stay particularly given Petitioner's failure to address any of the *Rhines* factors and given that Petitioner has the burden to show that a stay is warranted. Thus, this Court will deny Petitioner's request for a stay without prejudice. Petitioner may file a motion for a stay if she can establish that a stay is warranted under the *Rhines* factors.

Accordingly, IT IS on this 21st day of November, 2022,

ORDERED that Petitioner's request for a stay and abeyance of this federal habeas proceeding (ECF 7 & 8) is denied without prejudice.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge